Mr. Justice Moore
delivered the opinion of the Court.
The district attorney of the City and County of Denver commenced this action by filing a complaint in which it was alleged that the plaintiffs in error, hereinafter designated as defendants, maintained a public nuisance on premises leased by defendant Steinberg from the other named defendants, who were owners of the property. The building is commonly known as Kat’s Korner and will be so referred to in this opinion. The district attorney sought a decree closing the premises for one year, and for other relief, all as provided by C.R.S. ’53, 39-15-2, et seq.
Upon the trial numerous residents of the neighborhood appeared and testified concerning their complaints against the premises and the long continued annoyance to which they were being subjected by the operation of the tavern on the property. Police officers testified that on numerous occasions they were called upon to quell disturbances in the establishment, and often made arrests of persons responsible therefor. There was evidence that Kat’s Korner was frequented by “police characters,” prostitutes and other undesirables, and that loud and boisterous noises therefrom disturbed the peace and tranquility of the residents of the vicinity. There was an abundance of evidence that the reputation of the place was bad. The annoyances suffered by residents of the neighborhood, by reason of the operation of the business, covered a wide range of conduct all of which was highly objectionable and traceable to the existence of the tavern in the neighborhood.
The trial court found the issues against defendants *266 and granted the relief sought by the district attorney. A decree entered that the place be closed for a period of one year.
As grounds for reversal the brief of defendants contains the following:
“SUMMARY OF THE ARGUMENT
“I. The evidence was insufficient as a matter of law to support the decision of the court.
“II. The court’s failure to make findings of fact and conclusions of law or to enter a proper judgment was error.
“HI. The trial court failed to rule on defendant’s objections, when such objections were made, or at any time thereafter.
“IV. The trial court permitted several witnesses to testify whose names were not on the pre-trial stipulation and order.
“V. The trial court erred in giving the statute upon which this case is based an unconstitutional interpretation.”
The point upon which counsel for defendants chiefly rely is that the evidence as a matter of law was insufficient to sustain the judgment of the trial court.
It would unnecessarily lengthen this opinion to set forth in detail the evidence which was presented upon which the trial court concluded that the establishment as operated by defendants was in fact a public nuisance in the community and should be abated. Suffice it to say that we have read the entire record, which is voluminous, and find an abundance of competent evidence to support the judgment.
It is disclosed by the record that defendant Steinberg originally operated a delicatessen store on the premises and made application for a 3.2 beer license in connection therewith. The license was issued and none of the people who appeared as witnesses in this action made objection to its issuance, in fact some of them signed a petition in favor of granting the license. This shop *267 was operated by defendant Steinberg in a family neighborhood where the residents enjoyed the peace and tranquility which is usual in such a community. Defendant Steinberg changed the nature of the business a few years after the 3.2 beer license was issued. He gave up the delicatessen shop and opened a 3.2 beer tavern. Thereafter the entire character of the establishment changed. As stated by the district attorney in his brief:
“ * * * It was at this point, when the delicatessen store was changed to a tavern, that burglary suspects, parole violators, ‘strong-arm men,’ ‘trouble-makers,’ drunks, police characters, narcotic pushers, and individuals with lewd and immoral standards were frequent visitors in the neighborhood, and patrons of the defendants’ 3.2 beer tavern. * * * ”
There was ample evidence that the conduct of the patrons of defendants was such as to create an intolerable condition in the community, and to arouse the inhabitants thereof to take action to abate the “nuisance” which was the nerve center of all the annoyances, vandalism, and indecencies to which they were being subjected.
The trial court did not err in granting the relief prayed for and the judgment is affirmed.
Mr. Justice Pringle not participating.